IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES | \* | |
| v. | \* | Criminal No. CCB-21cr334 |
| WILSON NUYILA TITA, | \* | |
| ERIC FRU NJI, and | \* | |
| WILSON CHE FONGUH, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROPOSED OBJECTIONS/CORRECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUTIONS

Defendants Wilson Tita, Eric Nji, and Wilson Fonguh, by and through respective undersigned counsel, respectfully submit the following objections and proposed corrections to the Government's Requested Jury Instructions. ECF 49.

1) INSTRUCTION 4: Sympathy:
    The defense objects to this instruction on relevance grounds.

2) INSTRUCTION 5: Willfully:
    The defense request the following language be included with this instruction: "*A defendant who acts with a good faith belief that U.S. government authorization is in place for defense articles, such as firearms, does not act willfully.*"
    Inclusion of this language is warranted by the nature and circumstances of the alleged offense, and is consistent with the practice of most circuits wherein "willfully" has no general definition but is instead defined within the context of the substantive statutes.

3) INSTRUCTION 10: Variance – Dates:
    The defense objects to the portion of the instruction stating that "*it does not matter* if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that… it was on a different date."
    More firearms and weaponry are exported from the United States than any other

1

nation in the world. If a good faith belief were not a complete defense to a criminal charge of violating the Arms Export Control Act (AECA), then thousands and thousands of employees of defense contractors and the U.S. Government would commit "willful" or criminal violations of the AECA where they mistakenly or negligently exported a defense article without authorization.  The proposed instruction merely prevents such result.  It merely states that a person who acts with the belief – a good faith belief – that the U.S. Government has authorized the export does not commit a felony criminal offense.

*US v. Dobek*, 789 F.3d 698 (7th Cir. 2015)

4)  INSTRUCTION 24: Guilty Knowledge from Clandestine Behavior:
    The defense objects to this instruction contingent upon the Court's decision about each party's pending Motions regarding the admission of evidence related to the civil conflict and violence in Cameroon.

5)  INSTRUCTION 35: Purpose of the Conspiracy Statute:
    The defense objects to the fourth paragraph as a policy statement.

6)  INSTRUCTION 37: First Element: Existence of Agreement:
    The defense objects to this instruction and proposes the following changes to the text:

    The final sentence of paragraph two should read: "What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with other to accomplish an *act they knew to be unlawful*."

    Add the following language to the end of paragraph three: "*On the other hand, you need not infer that a conspiracy to disobey or disregard U.S. law has been established merely because the parties involved were acting in secrecy.*"

7)  INSTRUCTION 39: Third Element: Commission of an Overt Act:
    The defense objects to this instruction as written and proposes the following changes:

    At the end of the first paragraph, add: "*...with the intent to violate U.S. law.*"

    At the end of the instruction, add: "*You must find that the over act was committed in furtherance of a conspiracy to violate U.S. law.*"

8)  INSTRUCTION 49: Elements of the Export Control Reform Act:
    The defense objects to and would strike the first paragraph which is a statement of policy and legislative history.

The defense proposes the third element be amended to read: "Third, that the defendant did so with the knowledge that no license had been obtained for the export.:

9) INSTRUCTION 50: Commerce Control List:
   The defense objects to and would strike the first two paragraphs.

10) INSTRUCTION 61: Unanimity of Theory
   The defense objects to the final sentence and proposes the following correction: "Or, all of you must agree that the defendant conspired to transport, ship and cause to be transported and shipped in foreign commerce firearms *knowing that the serial numbers had been removed or obliterated.*"

11) INSTRUCTION 58: Elements of Smuggling:
   The defense objects to the incomplete description of the elements of a violation of 18 U.S.C. § 554(a). A conviction requires proof that the defendant knew he was exporting merchandise "contrary to law." *United States v. Rivero*, 889 F.3d 618, 622 (9th Cir. 2018).

   In *Rivero*, the case upon which the Government relies for its requested instruction, the defendant was charged under 18 U.S.C. § 554(a) for attempting to export ammunition in violation of 22 U.S.C. § 2778(c).  Rivero argued that while he conceded that he knew – or should have known – the exportation of the ammunition was illegal, he was not specifically aware that he needed an export license under 22 U.S.C. § 2778(c) and thus could not be convicted under 18 U.S.C. § 554(a).  The Ninth Circuit rejected this argument.  Citing Rivero's concession regarding the general illegality of the exportation was sufficient. The Court favorable referenced the Fifth Circuit's holding that "to establish an offense under § 554(a), the Government is required to prove only that the defendant knew he was dealing with ammunition that was intended for export *and that the exportation was illegal.*" *Id,* quoting *United States v. Cardenas*, 810 F.3d 373, 374 (5th Cir. 2016) (emphasis added).

   Both courts support a plain reading of the text of the statute, which clearly requires proof that an individual knew the exportation was unlawful.
   Proposed Correction: The defense proposes that the third element of the Government's Requested Instruction be restated as: "Third, **the defendant** knew the exportation of the item was contrary to any law or regulation of the United States."

12) The defense proposes adding the following instruction regarding reasonable doubt:

   Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable

doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.

Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision. A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should find the defendant guilty of that charge.

Sand, Siffert, et al., *Modern Fed. Jury Instructions*, Instruction No. 4-2.

13) Defense Theory Instruction: The defense may propose a defense theory instruction for consideration.

WHEREFORE, for the foregoing reasons, Wilson Tita, Eric Nji, and Wilson Fonguh respectfully submit objections and proposed corrections to the Government's Requested Jury Instructions.

Respectfully submitted,

_____/s/_____
David Benowitz, Esq.
Bar No. 17672
Price Benowitz LLP
409 7th Street, NW
Suite 200
Washington, DC 20001
(202) 271-5249

david@pricebenowitz.com
*Attorney for Wilson Tita*


_____/s/_____

Glenn F. Ivey, Esq.
Bar No. 06187
The Ivey Law Firm
6411 Ivy Lane, Suite 304
Greenbelt, MD 20770
(301) 537-1451
ivey@iveylevetown.com
*Attorney for Defendant Fonguh*


_____/s/_____

Richard S. Basile, Esq.
CPF: 7800610005
Law Offices of Richard S. Basile
6305 Ivy Lane #510
Greenbelt, MD 20770
T: (301) 441-4900
F: (301) 441-2404
rearsb@gmail.com
*Attorney for Defendant Nji*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of April, 2022, I caused the foregoing Proposed

Objections/Corrections to the Government's Requested Jury Instruction, to be filed with the Clerk

of the Court via the CM/ECF system, which will send notification of such filing to the counsel of

record in this matter who are registered on the CM/ECF system.


_____/s/_____

David Benowitz, Esq.