**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. RDB-21-0334** |
| | : | |
| **WILSON NUYILA TITA, <u>et al.</u>,** | : | |
| | : | |
| **Defendants.** | : | |

...oOo...

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANTS'**
**MOTIONS FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL AND**
**TO DISMISS COUNTS FOUR AND FIVE**

The United States of America, by its undersigned attorneys, hereby submits this supplemental response to the defendants' various Motions for Judgment of Acquittal or New Trial and to Dismiss Counts Four and Five, and states as follows.

I.     A Jury Can Properly Find a Defendant Guilty of Conspiring to Commit a
       <u>Particular Offense and Not Guilty of Actually Committing that Same Offense.</u>

In their post-trial motions, the defendants claim that because the jury acquitted them on the substantive charges of violating the Arms Export Act (Count 2) and the Export Control Reform Act (Count Three), the jury <u>had</u> to have concluded that the defendants <u>only</u> conspired to violate 18 U.S.C. § 922(k)(Transportation of Firearm With Obliterated Serial Number) and 18 U.S.C. 554(a)(Smuggling) when it found them guilty of conspiracy under 18 U.S.C. § 371. The defendants are wrong.

It is well-established that the crime of conspiracy is a separate criminal offense from the substantive offense that served as the object of the conspiracy. *See, e.g., Callanan v. United States*, 364 U.S. 587, 593 (1961) ("The distinctiveness between a substantive offense and a conspiracy to commit is a postulate of our law. 'If [sic] has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to

1

commit it are separate and distinct offenses.'") (quoting *Pinkerton v. United States*, 328 U.S. 640, 643 (1946)).  *See also United States v. Ruhbayan*, 406 F.3d 292, 300 (4th Cir. 2005). Accordingly, a jury may find a defendant guilty of conspiracy under Section 371 and acquit that same defendant of the substantive offense that was an object of the conspiracy.

Here, the conspiracy charged in Count One had multiple objects, each of which corresponded to a substantive count in the Superseding Indictment.  At the trial, the Court specifically instructed the jury, without objection, that:

> [Y]ou may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even if the substantive crime that was the object of the conspiracy was not actually committed. And you may find a defendant guilty of conspiracy despite the fact that he, himself, was not capable of committing the substantive crime.

Portion of Trial Transcript, Vol. VIII, at 25 (attached as Exhibit 1).  The jury then found the defendants guilty of conspiracy and the substantive offenses charged in Counts Four and Five. The well-settled principles of conspiracy law, as well as the jury instructions actually given to the jury without objection, preclude the defendants' conclusion that in light of that verdict, the jury must have concluded that the objects of the conspiracy were limited to the offenses named in Counts Four and Five.

II.  *Price* Is Inapposite, Wrongly Decided, and Should Be Ignored.

While the defendants filed a notice of supplemental authority citing a decision in *United States v. Price*, 2022 WL 6968457 (S.D. W. Va. Oct. 12, 2022), this Court should place no confidence in that decision because it suffers from several errors.  First, the Court in *Price* was wrong to hold that the serial number requirement "infringed" on the right to bear arms; it does not, inasmuch as "unmarked firearms are functionally no different from marked firearms." *United States v. Marzzarella*, 614 F.3d 85, 94 (3d Cir. 2010).  Second, *Price* was wrong to dwell

myopically on whether serial numbers were placed on firearms in 1791.  The Supreme Court made clear that the government may demonstrate historical acceptance of a regulation by "analogy" to a historical example from the Founding Era that is only "relevantly similar" "analogue" "not a historical twin."  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2132-33 (2022).  As the government set forth in its brief, there was a wide panoply of registration requirements that are more than sufficient to meet the "analogue" test set forth in *Bruen*.  Moreover, the record of historical analogues presented here is much more robust than in *Price*.  In this way, while the Court in *Price* felt the government had not met its burden there, the government submits it has surpassed its burden here.  Third, *Price* should be disregarded as factually inapposite.  In *Price*, the facts concerned a wholly intra-state *possession* of a firearm with an obliterated serial number.  Here, there is the transnational *transportation* of firearms. The defendants were prosecuted for, and the jury was instructed on, a different portion of the statute than was at issue in *Price*.  *See* Exhibit 1 at 41 ("Government has to prove …defendant *transported or caused to be transported"* firearms without serial numbers))(emphasis added).  In this way, 922(k) as applied here falls under the kind of "commercial regulation of the sale of firearms" which the Supreme Court has repeatedly said is presumptively proper under the Second Amendment.  *See District of Columbia v. Heller*, 554 U.S. 570, 627 (2008).  *Price* should be disregarded here.

Respectfully Submitted,

Erek L. Barron
United States Attorney

Kathleen O. Gavin
Jason D. Medinger
Assistant United States Attorneys

*Filed via ECF*